IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:

**IRMA ADELINA RODRIGUEZ COSSIO**

Debtor(s)

Case No.: **14-01221 EAG**

Chapter 13

TRUSTEE'S OBJECTION TO EXEMPTION(S)

TO THE HONORABLE COURT:

**COMES NOW** Alejandro Oliveras Rivera, Chapter 13 Trustee, through the undersigned attorney, and very respectfully states, alleges and prays as follows:

**INTRODUCTION**

1.   Pursuant to Federal Bankruptcy Rule 4003(b), the trustee is hereto objecting to debtor(s) claim for exemptions as set forth below. In so objecting, the trustee has considered the value of the properties subject of exemption as well as the liens on this property[1].

2.   The meeting of creditors was held on May 23, 2014.

**TRUSTEE'S OBJECTION OVER CLAIM FOR EXEMPTION UNDER
11 USC §522(d)(1)**

3.   The captioned Debtor(s) listed in Schedule A the estate property that is described as follows:

---

[1] The amount of the debts secured by the properties in question was obtained from the proof of claim, if one was filed, or, in its absence, from the scheduled amount.

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 2 of 4
Case No. 14-01221 EAG

--------------------------------------------------------------------------------

**Commercial structure consisting of one
story and basement located at 21 North del
Río Street, Mayagüez, Puerto Rico.
Currently the structure is in a dilapidated
state. Debtor holds a gross participation of
25% along with her former spouse and two
other co-owners. The estimated value of
the property is $100,000.**

4.   The captioned Debtor(s) claimed exemption pursuant to **§522(d) (1)** in the amount of $22,975.00 over the above-mentioned property of the estate.

5.   As grounds for the foregoing objection, the Trustee submits that:

(X) The estate property over which the exemption is claimed is **not used** as a residence by the debtor(s), or his/her/their dependents.  Also it is not a burial plot for the use of the debtor(s), or her dependents. Therefore, debtor(s) is (are) not entitled to the claimed exemption.

**TRUSTEE'S OBJECTION OVER CLAIM FOR EXEMPTION UNDER
11 USC §522(d)(10)(D)**

6.   The captioned Debtor(s) listed in Schedule B the estate property that is described as follows:

**Liquidation of conjugal property as
determined by the P.R. Court of First Instance,
Superior Court of Mayagüez, ISCI 2007-1184.
Value $495,000.00**

7.   The captioned Debtor(s) claimed exemption pursuant to **§522(d) (10)(D)** in the amount of $495,000.00 over the above-mentioned property of the estate.

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 3 of 4
Case No. 14-01221 EAG

--------------------------------------------------------------------------------

8. As grounds for the foregoing objection, the Trustee submits that:

(X) The estate property over which the exemption is claimed is not alimony, support or separate maintenance reasonably necessary for the support of the debtor and any dependent of the debtor. Rather, this estate property is nonexempt property the debtor expects to receive as part of a property distribution under a divorce decree. Therefore, debtor(s) is (are) not entitled to the claimed exemption.

9) Debtor(s) is/are not a member of the U.S. Armed Forces, the Coast Guard, the Public Health Service or the National Oceanic and Atmospheric Administration, as evidenced by the Certificate issued by the U.S. Department of Defense, copy of which is attached only to the original of this motion and movant's copy.

**WHEREFORE** the Trustee respectfully prays that an order be entered denying the debtor(s) claim for exemption(s) pursuant 522(d)(1) in the amount of $22,975.00 and denying the claim for exemption pursuant to 522(d)(10)(D) in the amount of $495,000.00.

Notice: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail. I further certify that the foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to debtor(s) at the address of record.

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 4 of 4
Case No. 14-01221 EAG

--------------------------------------------------------------------------------


**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 12th day of June of 2014.


**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com

By: **/s/ANDREW JIMÉNEZ CANCEL**
ANDREW JIMÉNEZ CANCEL
Staff Attorney
USDC-PR # 226510

Department of Defense Manpower Data Center

Results as of : Jun-12-2014 04:43:48 AM

SCRA 3.0



## Status Report
### Pursuant to Servicemembers Civil Relief Act

Last Name: <u>RODRIGUEZ COSSIO</u>

First Name: <u>IRMA</u>

Middle Name:

Active Duty Status As Of: <u>Jun-12-2014</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940).  DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate.  In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. § 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: AAV09EE830467E0